FILED
United States Court of Appeals
Tenth Circuit

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

October 31, 2012

Elisabeth A. Shumaker
Clerk of Court

In re:

SAMUEL G. ARMIJO,

Movant.

No. 12-1393
(D.C. No. 1:12-CV-01632-LTB)
(D. Colo.)

**ORDER**

Before **BRISCOE**, Chief Judge, **EBEL**, and **MATHESON**, Circuit Judges.

Movant Samuel G. Armijo, a prisoner of the State of Colorado, seeks this court's authorization to file a second or successive habeas application under 28 U.S.C. § 2254. Because he presents a claim that was presented in a prior application, we deny authorization under 28 U.S.C. § 2244(b)(1).

I. Background

Mr. Armijo was convicted in state court of four counts of reckless vehicular homicide. On January 21, 2000, he was sentenced to four consecutive, six-year terms, for a total of twenty-four years. His conviction was affirmed on appeal.

In May 2003, Mr. Armijo filed an application for writ of habeas corpus under § 2254 in the District of Colorado, but he then moved to voluntarily withdraw it, and the district court dismissed the case without prejudice. *See Armijo v. Soares*, No. 1:03-cv-00822-ZLW, Doc. 7 (D. Colo. June 2, 2003).

In December 2004, Mr. Armijo filed an application for writ of habeas corpus. *See Armijo v. Zennon*, No. 1:04-cv-02609-WYD, Doc. 2 (D. Colo. Dec. 17, 2004). On June 2, 2006, the district court denied § 2254 relief on the merits. *Id.*, Doc. 20, at 13. One of the claims the district court considered and rejected was Mr. Armijo's assertion that his trial counsel provided constitutionally ineffective assistance because she did not use alleged exculpatory evidence he provided her—photographs his son took of the accident scene the day after the crash. *Id.*, Doc. 20, at 3, 12-13.

In July 2012, Mr. Armijo filed another § 2254 application. *See Armijo v. Green*, No. 12-cv-01632-BNB, Doc. 4 (D. Colo. July 16, 2012). He again asserted the same ineffective-assistance-of-counsel claim based on his son's photographs of the accident site. *Id.* at 5-5A. In an order filed on October 1, 2012, the district court construed Mr. Armijo's petition as an unauthorized second or successive petition, dismissed it for lack of jurisdiction, and denied a certificate of appealability. *See generally id.*, Doc. 6. The court declined to transfer the application to this court in part "because the same claim was addressed and dismissed on the merits in 04-cv-02609-WYD." *Id.* at 3.

Mr. Armijo now seeks this court's authorization to file a second or successive § 2254 petition. He again argues that his trial counsel was constitutionally ineffective because she did not use the photographs his son took of the accident scene at his trial.

## II. Discussion

Congress has placed strict limitations on second or successive § 2254 petitions. "A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed." 28 U.S.C. § 2244(b)(1).

Mr. Armijo's proposed claim was raised in a prior application. As a result, his request to file a second or successive § 2255 motion is DENIED, and this proceeding is terminated. This denial of authorization "shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari." 28 U.S.C. § 2244(b)(3)(E).

Entered for the Court

*Elisabeth A. Shumaker*

ELISABETH A. SHUMAKER, Clerk